IN THE UNITED STATES DISTRICT COURT FOR
THE SOUTHERN DISTIRCT OF CALIFORNIA
--------------------------------------------------------------------------------
ROBERT E. CARTER,

                Plaintiff,          **Case No. 23-cv-00542-CAB-BLM**
                                                      **JURY TRIAL DEMANDED**

v.

KAPPA ALPHA PSI FRATERNITY, INC., WESTERN
PROVINCE OF KAPPA ALHPA PSI FRATERNITY, INC.,
THE GRAND BOARD OF DIRECTORS OF KAPPA ALPHA PSI,
INC., SAN DIEGO ALUMNI CHAPTER OF KAPPA ALPHA
PSI FRATERNITY, INC., RUEBEN A. SHELTON, III in
his official capacity as GRAND POLEMARCH; TIMOTHY
C. WOODS in his official capacity as WESTERN PROVINCE
POLEMARCH; and ROOSEVELT JOHNSON in his official
Capacity as POLEMARCH; and INFOMART,

                Defendants.

--------------------------------------------------------------------------------
_____

## PLAINTIFF'S MOTION REQUEST FOR ENTRY OF DEFAULT JUDGMENT AGAINST ALL FRATERNITY DEFENDANTS
_____

COMES NOW THE PLAINTIFF, Robert E. Carter, appearing pro se, and requests that the Court enter **DEFAULT JUDGMENT** as to defendants Kappa Alpha Psi Fraternity, Inc., The Grand Board of Directors of Kappa Alpha Psi Fraternity, Inc., Western Province of Kappa Alpha Psi Fraternity, Inc., San Diego Alumni Chapter of Kappa Alpha Psi Fraternity, Inc., Rueben A. Shelton, III in his official capacity as Grand Polemarch, Timothy C. Woods in his official capacity as

Western Province Polemarch and Roosevelt Johnson in his official capacity as Chapter Polemarch (together and collectively "the Fraternity Defendants"). Upon the complaint filed heretofore and served upon the defendants; the Clerk's entry of Default in accordance with Rule 55(a) of the Federal Rules of Civil Procedure and the Memorandum of Law attached hereto, the court should grant the motion and enter a default judgment.

**BACKGROUND**.

On March 12, 2023, Plaintiff provided the Fraternity Defendants with a proposed settlement letter ("the Settlement Proposal Letter'). The proposal letter outlined a proposed settlement of the issues raised in the letter. It provided a deadline for a response and informed the Fraternity Defendants of Plaintiff's intent to file a federal lawsuit if no agreement was reached. The Fraternity Defendants failed to respond to the Settlement Proposal Letter. *(See Exhibit 1)*

On March 23, 2023, Plaintiff prepared and delivered to the Fraternity Defendants via email (1) a Notice of Lawsuit which was to be filed in the U.S. District Court for the Southern District of California and (2) a Waiver of Summons via email. *(See Exhibit 2)* In a follow-up email on the same day, Plaintiff informed the Fraternity Defendants of the exact deadlines required for return of the Waiver of Summons and a response/answer to the lawsuit.

On March 29, 2023, Plaintiff provided the Fraternity Defendants with a third email advising that a Summons had been issued in the case, providing the case number, the judge assigned to the case and reiterating the deadlines that needed to be met. *(See Exhibit 3)* On March 30, 2023, the district court after reviewing the complaint, which sought class status, entered an ORDER dismissing the complaint on the grounds that the Plaintiff could not certify a class or represent the interests of a class without the representation of counsel. The district court further ordered that the Plaintiff (1) retain counsel or (2) amend the complaint by May 5, 2023, or the case would be dismissed.

On March 31, 2023, Plaintiff advised the Fraternity Defendants of the court's ORDER via email. Plaintiff further provided the Defendants with a copy of the Amended Complaint and an updated version of the Notice of Lawsuit and Waver of Summons. Plaintiff provided additional time for the Waiver of Summons to be returned and for the Fraternity Defendants to respond/answer the amended complaint. *(See Exhibit 4)* On April 4, 2023, Plaintiff filed the Amended Complaint. On April 30, 2023, the Fraternity Defendants failed to return the Waiver of Summons as required. As a result, on May 1, 2023, Plaintiff prepared physical copies of the Amended Complaint, the Summons and Certified Return Mail and Receipts for each of the Fraternity Defendants. The Amended Complaint and the Summons were then

placed in the United States mail for delivery to each Fraternity Defendant at their last known addresses.

On May 5, 2023, five of the Fraternity Defendants were served with a copy of the Summons and Complaint. Their responses/answers were due on May 26, 2023. On May 6, one Fraternity Defendant was served with a copy of the Summons and Complaint. That response/answer was due on May 30, 2023. On May 8, 2023, one Fraternity Defendant was served with a copy of the Summons and Complaint and its response/answer was due on May 26, 2023. The Western Province of Kappa Alpha Psi Fraternity, Inc., was served via its proxy on May 5, 2023, and its response/answer was due May 26, 2023.

On May 8, 2023, Plaintiff filed in the district court a Notice of Waiver of Summons returned Unexecuted as to all Defendants. Also, on the same date, Plaintiff filed an Acknowledgement of Service by the Defendants supported by an exhibit of the United States Postal Service Delivery Tracking System. On each of May 10th, 12th, and 16th, 2023, Plaintiff filed Acknowledgements of Service by the Defendants supported by the Certified Mail Return Receipts. After more than twenty-one (21) days, excluding Memorial Day, has lapsed since the Summons and Complaint were served upon the Fraternity Defendants and after more than ninety (90) days since Notice of the original Complaint and Waiver of Summons was delivered to the Fraternity Defendants, they failed to respond.

On May 31, 2023, pursuant to the provisions of Rule 55(a) of the Federal Rules of Civil Procedure, Plaintiff moved for entry of default by the Clerk of the Court. On June 12, 2023, the Clerk of the Court entered default against all the Fraternity Defendants and the court instructed Plaintiff to file a motion for default within thirty (30) days.

The Fraternity Defendants have failed to respond, and the Clerk has entered default against them. Pursuant to the provisions of Rule 55(b)(2) of the Federal Rules of Civil Procedure, Plaintiff is entitled to a default judgement and request that the court enter a default judgement against the Fraternity Defendants for failure to respond, provide an answer or otherwise defend in this action.

**I.      Federal Rules of Civil Procedure 55**

Federal Rule of Civil Procedure 55(b)(2) authorizes the court, after entry of default by the clerk, to enter default judgment in a case. The district court has discretion whether to enter an order for default judgment. *Aldabe v. Aldabe, 616 F.2d 1089, 1092* (9th Cir. 1980). When deciding a motion for default judgement, the Court considers the following factors, *Eitel* factors: (1) the possibility of prejudice to the plaintiff, (2) the merits of plaintiff's substantive claim, (3) the sufficiency of the complaint, (4) the sum of money at stake in the action, (5) the possibility of a dispute concerning material facts, (6) whether the default was due to excusable neglect, and (7) the strong policy underlying the Federal Rules of Civil Procedure favoring

decisions on the merits. *Eitel v. McCool, 782 F.2d 1470, 1471-72* (9th Cir. 1986). When a district court applies this discretionary standard, default judgments are more often granted than denied. *Philip Morris USA, Inc. v. Castworld Prods., Inc., 219 F.R.D. 494, 498* (C.D. Cal. 2003)

Generally, once the court clerk enters default, the factual allegations of the complaint are taken as true, except for those allegations relating to damages. *TeleVideo Sys., Inc. v. Heidenthal, 826 F.2d 915, 917-18* (9th Cir. 1987). However, although well-pleaded allegations in the complaint are admitted by a defendant's failure to respond, "necessary facts not contained in the pleadings, and claims which are legally insufficient, are not established by default." *Cripps v. Life Ins. Co. of N. Am., 980 F.2d 1261, 1267* (9th Cir. 1992).

### (i) **Possibility of Prejudice**

When denying a plaintiff's request for default would leave the plaintiff without an alternate course of recovery, there is a likelihood of prejudice. *PepsiCo Inc. v. Cal. Sec. Cans, 238 F. Supp. 2d 1172, 1177* (C.D. Cal. 2002) Plaintiff seeks declaratory and injunctive relief. The court is authorized to issue declaratory relief pursuant to 28 U.S.C. §2201, California Business & Professions Code § 17200 and related provisions. Here, plaintiff has already lost his rights, benefits, and privileges in membership. The loss of those benefits is a direct result of the Fraternity Defendants'

violation of both federal and state law.[1] Federal and state law prevent the Fraternity Defendants from relying on a conviction that is more than seven years old to deprive plaintiff of rights, benefits, and privileges that he earned, secured, and paid for.[2] Only this court can interpret and enforce the federal and state laws applicable in this case.

Furthermore, plaintiff could suffer future harm if other chapters around the nation are emboldened to choose to exclude plaintiff and other fraternity members based on this violation of federal and state law. Thus, it is critical that the court clarify that when a professional organization chooses to run pre-employment background checks rather than membership fitness background checks, they are subject to the federal and state laws governing pre-employment background checks.[3] *(See Exhibit 5)* This factor favors the default judgement.

### (ii)   <u>Substantive Merits and Sufficiency of Claims</u>

The second and third <u>Eitel</u> factors make clear that the Court must examine whether the plaintiff has pled facts sufficient to establish and succeed on its claims. (*See* <u>Eitel, 782 F.2d at 1471</u>) These factors require the complaint "state a claim on which the plaintiff may recover." (<u>PepsiCo, 238 F. Supp. 2d at 1175</u>)

---

[1] Plaintiff remains a member of the fraternity but is unable to participate in activities of the fraternity and remains in a forced inactive status due to a failure to disclose convictions that were well beyond the seven-year threshold.
[2] Plaintiff participated in all the required classes and passed the final exam. He further participated in an interview, answered questions required of him. He received more than 75% of chapter membership votes and paid nearly $4,000 in fees.
[3] See Exhibit 5 clarifying the purpose of the investigative consumer report as "pre-employment."

In this case, the complaint contains approximately 192 paragraphs of detailed allegations. The complaint sets forth in detail the factual matter which supports the allegations. Moreover, the complaint sets forth facts regarding each of the specific federal and state statutes which have been violated. For example, the ICRAA and FCRA clearly prohibit the reporting of criminal convictions that exceed seven years. The CFCA clearly provides that a pre-employment application may not ask an individual whether they have been convicted of a crime prior to an offer of employment.[4] The complaint clearly sets forth allegations that the fraternity chose to run "pre-employment" background checks and in choosing to deceive plaintiff and others, the fraternity chose its bed and now must sleep in it.

The California Professional & Business Code and the FCRA clearly set forth that when false pretenses are implored in business practices, the perpetrators will be held accountable. The complaint is replete with detailed factual allegations of the regular and continued use of plaintiff's information under false pretenses. More compelling in this case, is the allegations that the fraternity defendants maliciously and unlawfully sought to use the convictions. Once it identified the out-of-date convictions, it then illegally used them to deprive plaintiff of rights, benefits, and

---

[4] Because the application here was a pre-employment application for membership, then the fraternity was prevented from asking Plaintiff about any previous convictions until after an offer of membership was made. The language of the statutes are clear regarding "pre-employment" investigative consumer reports. It is the fraternity who chose to run "pre-employment" background checks.

privileges of membership. *(See Exhibit 6)* Thus, because the statutory violations are clearly alleged and well pled, these factors weigh in favor of default.

### (iii) Sum of Money at Stake

In this case, the plaintiff seeks statutory penalties, punitive damages, and court costs under both the ICRRA and FCRA. Plaintiff does not seek attorney fees. Cal. Civ. Code § 1786.50(a)(1) provides that a violation of the ICRRA results in a statutory penalty of $10,000.00. Under the FCRA, the statutory penalty ranges from $100 to $1,000.00. Punitive damages are also available under the ICRRA and the FCRA where violations are willful or negligent. The complaint alleges that the Fraternity Defendants violated Cal. Civ. Code § 1786.18(7) and (8); 1786.12(e); 1786.16(a)(4); 1786.20(a), thus Plaintiff is entitled to a statutory damages award of $10,000.00. Because the statutory damages are to be awarded against each of the Fraternity Defendants who was a "user" of the investigative consumer report pursuant to Cal. Civ. Code § 1786.50, Plaintiff is entitled to total statutory damages in the amount of $30,000.00.[5]

The Fraternity Defendants violated serval provisions of 15 U.S.C § 1681. More specifically, the complaint alleges facts sufficient to show violations of Sections 1681(n)(a)(1)(B), 1681(e), 1681(d)(1), and 1681b(b)(2)(A). Each violation

---

[5] The defendants sued in their official capacities are jointly and severally liable together with each entity which operates independently of the national fraternity. The Grand Board of Directors and Kappa Alpha Psi Fraternity, Inc., are jointly and severally liable as one entity. Thus, a $10,000 statutory damages award is authorized for each defendant.

is subject to a maximum statutory penalty of $1,000.00. Therefore, plaintiff is entitled to a total statutory award of $4,000.00 for each of the violations.

### (a) Gross Negligence and Willful Violations

Additionally, the complaint alleges that the Fraternity Defendant's violation of the statutes was willful. The complaint alleges that the Fraternity Defendants approved the membership application after the investigative consumer report lawfully did not reveal any convictions within the seven-year window. Only after learning of alleged instant criminal behavior did the Fraternity Defendants claim a failure to disclose convictions. Even though plaintiff provided the Fraternity Defendants with the actual law that prevented it from acting against plaintiff, the Fraternity Defendants deprived plaintiff of benefits, rights, and privileges of membership.[6] *(See Exhibit 7)* Furthermore, because the Fraternity Defendants had knowledge both from the investigative consumer report and the plaintiff that its action violated the law, its violation of the law is grossly negligent.

Plaintiff seeks statutory and punitive damages only, not actual damages. Statutory and punitive damages are available under the ICRAA and FCRA only where a defendant "willfully fails to comply" with the statute. Cal. Civ. Code § 1786.50(b) and 15 U.S.C. § 1681n(a). Therefore, the Fraternity Defendants failed to

---

[6] See Exhibit 6, the Cease-and-Desist Letter emailed to plaintiff on January 23, 2023, effectively depriving plaintiff of membership in violation of the law. See also Exhibit 7, indisputable evidence that the Fraternity Defendants violated the ICRRA and FCRA using previous convictions prevented under the statutes to deprive plaintiff of rights, privileges, and benefits.

comply with Sections 1786.18(7) and (8) and 1681(c)(a)(5) by using outlawed convictions to deprive plaintiff of rights, benefits, and privileges. Resolution of this issue is a matter of law.

The Supreme Court has clarified, and the California courts agree that, under Section 1681n, willfulness reaches actions taken in "reckless disregard of statutory duty,' in addition to actions "known to violate the Act. *See* <u>Syed v. MI, LLC, 853 F. 3d 492 (9th Cir. 2017) Safeco,</u> 551 U.S. at 56-57, 127 S.Ct. 2201. A party does not act in reckless disregard of the ICRRA or the FCRA "unless the action is not only a violation under a reasonable reading of the statute's terms but shows that the company ran a risk of violating the law substantially greater than the risk associated with a reading that was merely careless." The language of the ICRAA and FCRA is plain and unambiguous, a conviction that is more than seven years old cannot be used after the fact, to deprive plaintiff of rights, benefits, and privileges which he rightfully and legally obtained.[7] Because the Fraternity Defendants willfully violated the statutes as alleged and those violations were grossly negligent, plaintiff is entitled to punitive damages in the amount of $2,500.00.

---

[7] The complaint alleges that the Fraternity Defendants sought to justify their violation of the laws by finding that the previous name of plaintiff was not revealed although the complaint alleges specifically that the previous name was revealed. The revelation of the previous name is immaterial under the statute because even if the previous name was revealed, the convictions were not reportable as the complaint properly alleges.

### (b) Procuring Information Under Fraudulent Pretense

The complaint alleges that the Fraternity Defendants procured the plaintiff's investigative consumer report under false pretenses by certifying to Infomart that it would use the report for pre-employment purposes. *(See Exhibit 3)* However, the Fraternity Defendants knew that they were not employing the plaintiff but rather was evaluating plaintiff for membership. They therefore violated Cal. Civ. Code Sections 1786.12(e); 1786.16(a)(4) and 1786.20(a) and 15 U.S.C. § 1681(e), 1681(d)(1) and 1681(n)(a)(1)(B). Pursuant to 15 U.S.C. § 1681(q) the Fraternity Defendants are subject to the infraction penalty of $10,000.00 under 18 U.S.C. 3571(c)(7) and the plaintiff is entitled to that amount.

### (c) Costs and Fees

Pursuant to 15 U.S.C. 1681(o)(a)(2); 1681(n)(a)(3) and Cal. Civ. Code 1786.50(a)(2) plaintiff is entitled to recover the costs of this action. The costs of this action are $402.00 for the filing fee and $201.00 for the copies associated with the documents needed to be printed and sent to the Fraternity Defendants. Additionally, plaintiff may recover the costs of serving the summons pursuant to Federal Rules of Civil Procedure 4(d)(2)(a) where the Fraternity Defendants failed to waive service of summons. Plaintiff requested a waiver of service of summons and provided notice of the lawsuit to the Fraternity Defendants. After more than 30 days had passed, plaintiff served the summons and lawsuit upon the Fraternity Defendants. The

Fraternity Defendants were required to waive service of the summons because each Fraternity Defendant is in the United States. Having failed to do so, plaintiff is entitled to expenses in the amount of $189.00 for service of the summons. Thus, the plaintiff is entitled to $792.00 in costs. Plaintiff does not seek attorney fees.

This court must consider the amount of money at stake in relation to the seriousness of Defendant's conduct. *PepsiCo,* 238 F. Supp. 2d at 1176. Although default judgment is disfavored where the sum of money at stake is too large or unreasonable considering defendant's actions that is not the case here. *See Totten v. Hurrell,* No. 00-2718, 2001 U.S. Dist. LEXIS 20259, at *2 (N.D. Cal. Nov. 28, 2001) (stating that "the `sum of money at stake' factor [under *Eitel*] is meant to focus on the size of the award requested, as courts are hesitant to enter default judgments where large sums of money are at stake," and finding an award of $19,977.74 not a "large money judgment" in today's world). The Court considers Plaintiff's declarations, calculations, and other documentation of damages in determining if the amount at stake is reasonable. *See Walters v. Shaw/Guehnemann Corp.,* No. C 03-04058 WHA, 2004 U.S. Dist. LEXIS 11992, at *7 (N.D. Cal. Apr. 15, 2004) (finding plaintiff's calculations of damages and attorney fees reasonable, based on plaintiff's sworn declarations and pay stubs and other documentation submitted by

The total sum at stake in this case, $45,292.00 is not substantial in "today's world." The amount is authorized under the statutes and addresses the violations

committed by the Fraternity Defendants. Both Congress and the California legislature intended that these stiff damages be imposed on violators. The penalties reflect the seriousness of the consequences that can affect a person's life both personally and professionally, this factor favors entry of default judgment.

### (iv) Dispute Concerning Material Facts

Next, the court considers the pertinent *Eitel* factor, whether there are disputed material facts. "Upon entry of default, all well pleaded facts in the complaint are taken as true, except those relating to damages." *PepsiCo,* 238 F. Supp. 2d at 117. Here, as expressed above, Plaintiff alleged sufficient facts to support each of the claims alleged in the complaint. Defendants failed to refute any of them. Thus, there is no dispute of material facts, and this factor favors the entry of default judgment against Defendants.

### (v) Excusable Neglect

The Fraternity Defendants received notice of this lawsuit on March 23, 2023, when plaintiff sought waiver of the summons and provided notice of the lawsuit. After failing to waive service as required, plaintiff then served a summons and complaint upon the Fraternity Defendants. After acknowledging service, they failed to respond in the 21 days provided under the federal rules of civil procedure. The default was entered nearly two weeks after the deadline to respond and the Fraternity Defendants still failed to respond. Moreover, the plaintiff provided notice at each critical point

and advised the Fraternity Defendants of the consequences of failing to respond. The Fraternity Defendants still have not appeared in the case.[8]

### (vi)  Policy Favoring Decisions on the Merits

Plaintiff understands that default judgment is disfavored. But a decision on the merits is impractical, if not impossible, when the defendant takes no part in the action. <u>Penpower Technology Ltd. v. S.P.C. Technology,</u> 627 F. Supp. 2d 1083, 1093 <u>(N.D. Cal. 2008)</u>. Plaintiff has waited 103 days for the Fraternity Defendants to respond. Plaintiff has provided multiple notices to the Fraternity Defendants and served them properly in this case, but they have failed to respond. Plaintiff has shown his willingness to see a decision on the merits when he agreed with Defendant Infomart after it sought a timely joint stipulation for an extension of time. The Fraternity Defendants have been egregiously negligent and are unjustifiably culpable for the default in this case.

The non-response is even more egregious because several attorneys received the service, know the rules, and failed to respond. Given this flagrant violation of the rules and failure to respond, the general preference for resolution on the merits

---

[8] On June 13, 2023, Steven Wong contacted plaintiff and stated that he represented the Fraternity Defendants. He requested a joint stipulation to set aside the default. After discussing with Mr. Wong, the basis for such an agreement, plaintiff declined to agree to a joint stipulation. The basis on which Mr. Wong was not a legitimate or reasonable one under the circumstances justifying a stipulation agreement. Plaintiff pointed out that Defendant InfoMart had reached out on the last day to respond and requested a two-week extension, which plaintiff readily agreed to. But there was nothing reasonable about a 103-day delay in responding, entering an appearance, or contacting plaintiff sooner for an extension of time. Even after contacting plaintiff, counsel failed to enter an appearance, which he could have done the same day or the next day.

cannot be squared with the blatant disregard of the Fraternity Defendants to meet their minimum obligations. Therefore, under these circumstances, this factor weighs in favor of entry of default judgment against Fraternity Defendants. *Joe Hand Promotions, Inc., v. Beltran Case No. 18 cv 1814, (S.D. Cal. 2019)*

## II. The Declaratory and Injunctive Relief

### (i) Pre-Employment Designation

Plaintiff seeks declaratory and injunctive relief. The court is authorized to issue declaratory relief pursuant to 28 U.S.C. §2201, and injunctive relief pursuant California Business & Professions Code ("CBPC") § 17200 and related provisions. The complaint alleges that the Fraternity Defendants advanced the view that they are not subject to the provisions of the ICRRA, California Fair Chance Act ("CFCA"), or the California Business & Professions Code. However, the complaint alleges that the Fraternity Defendants procured an investigative consumer report on plaintiff and certified to Defendant Infomart that the purpose of the investigative consumer report was for "pre-employment." A pre-employment investigative consumer report by its terms is subject to the ICRRA. Indeed, the copy of the investigative consumer report provided to the plaintiff states clearly that the purpose was "pre-employment." *(See Exhibit 5)* Thus, the plain language of the statute and the report entitles plaintiff to declaratory relief.

### (ii) Professional Business/Professional Organization

CBPC § 17201 defines "person" to include corporations, firms, partnerships, joint stock companies, associations, and other organizations of persons. Likewise, Cal. Civ. Code § 1786.2 states, "the term "person" as used in this title shall not be construed to require duplicative reporting by any individual, corporation, trust, estate, cooperative, association, government, or governmental subdivision or agency, or other entity involved in the same transaction." Under either of these definitions, the ICRRA and the CBPC, apply to the Fraternity Defendants as they conduct business/activities in the State of California. Thus, plaintiff is entitled to declaratory relief.

### (iii) Violations of California Statutes

CBPC § 17200 prohibits acts of unfair competition which include unlawful business acts or practices. As more fully alleged in the complaint, the Fraternity Defendants business practices are unlawful as they violate the ICRRA, Cal. Civ. Code § 1786.18(a)(7) and (8). Moreover, the Fraternity Defendants violated the CFCA when it included the conviction question on the application in the first instance. The Fraternity Defendants have harmed the plaintiff by depriving him of rights, benefits, and privileges resulting directly from their unlawful activity. That harm continues under an unlawful decease-and-desist order; thus, plaintiff is entitled to an order enjoining the Fraternity Defendants from further depriving plaintiff of

his rights, benefits, and privileges and directing the Fraternity Defendants to lift the cease-and-desist order because it violates the law.[9] *(See Exhibit 8)*

### III. CONCLUSION

Plaintiff request that the court enter default judgment in the amount of $45,292.00 against the Fraternity Defendants jointly and severally. Further that the court enjoin the Fraternity Defendants from further depriving Plaintiff of his rights, benefits, and privileges by issuing an order to the Fraternity Defendants to lift the cease-and-desist order because the basis on which it was issued violates the ICRRA and the FCRA. Further that the court issues declaratory judgements that the ICRAA, the CFCA, and CBPC all apply to the Fraternity Defendants when it elects to procure an investigative consumer report for the purposes of unemployment.

Respectfully submitted,

*Robert E. Carter*
Robert E. Carter
Plaintiff, Appearing Pro Se
923 S. Hastings Way, PMB 308
Eau Claire, WI 54701
715-514-2857
robert.e.carter@outlook.com

---

[9] Plaintiff was found not to have committed the violation of Stolen Property after an internal investigation. See Exhibit 8. As a result, the only violation left was the falsification based on failure to disclose convictions which were not required to be disclosed. Furthermore, Plaintiff should not have even been asked about the previous convictions on the application under the California Fair Chance Act.

## CERTIFICATE OF SERVICE

      I HEREBY CERTIFIY, that on June 14, 2023, a true copy of the forgoing was served upon the following individuals via electronic mail and hard copy:

Kappa Alpha Psi Fraternity, Inc.
ATTN: Cleophus Thomas, Jr.
2322-24 North Broad Street
Philadelphia, PA 19132-4590
Kappa Alpha Psi Fraternity, Inc.
cleojunior@aol.com

Grand Board of Directors
ATTN: Cleophus Thomas, Jr.
2322-24 North Broad Street
Philadelphia, PA 19132-4590
cleojunior@aol.com

Mr. Reuben A. Shelton, III
Grand Polemarch
2322-24 North Broad Street
Philadelphia, PA 19132-4590
docshel486@aol.com

Kappa Alpha Psi Fraternity, Inc.
Western Province
ATTN: Timothy C. Woods
1830 S. Villas Lane
Chandler, AZ 85286
tcw1990nupe@gmail.com

Mr. Timothy C. Woods
Province Polemarch
1830 S. Villas Lane
Chandler, AZ 85286
Tcw1990nupe@gmail.com

Kappa Alpha Psi Fraternity, Inc.
San Diego Alumni Chapter
ATTN: Roosevelt Johnson

Counsel Infomart, Inc
ATTN: Eric W. May
2029 Century Park West
Los Angeles, CA 90067
emay@seyfarth.com

Steven D. Whang
Stated Counsel (no-appearance)
21700 Oxnard Street Ste. 1450
Woodland Hills, CA 91367
swhang@kbrlaw.com

P.O. Box 740822
San Diego, CA 92174-0288
shamdanupe@gmail.com

Mr. Roosevelt Johnson
Polemarch
P.O. Box 740822
San Diego, CA 92174-0288
shamdanupe@gmail.com

                                        *Robert E. Carter*
                                        Robert E. Carter